IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDEL L. FARGHER, et al.,

    Plaintiffs,

  vs.                              No. CIV. S-11-2739 JAM GGH PS

ARGENT MORTGAGE
COMPANY LLC, et al.,

    Defendants.         ORDER

_____/

        Plaintiffs, proceeding in this action pro se, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiffs have submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The complaint, filed October 18, 2011, appears to be mostly boilerplate, containing few facts pertinent to these plaintiffs. Plaintiffs allege, *inter alia*, that defendants committed various violations in connection with the lending process in regard to their home which led to foreclosure proceedings against them. Defendants are alleged to have failed to properly disclose the terms and conditions of the mortgage in violation of the Truth in Lending Act (" TILA"), (Compl. ¶¶ 57, 66.) Other claims are for unfair and deceptive trade practices,

unfair competition under state law, "Federal Trade Commission Act Non-compliance," "failure to ratify commencement of the action Fed. R. Civ. P. Rule 17(a)(3)," Fair Debt Collection Practices Act, "U.S.C. section 556(d) [sic] Non-Compliance," unjust enrichment, "(Fraud) Attempted Fraud," and "injunctive relief for unclean hands."  The complaint alleges that defendant Argent Mortgage Company entered into the residential mortgage transaction with plaintiffs on June 28, 2007, and the deed of trust was recorded on July 3, 2007.  (Id. at ¶¶ 13, 16.)  Plaintiffs do not indicate whether the transaction was for an initial purchase or a re-finance or whether it involved a residential mortgage transaction.[1]

Although the complaint alleges that equitable tolling is permitted under TILA, plaintiffs provide no facts concerning the statute of limitations or why equitable tolling should apply.  (Compl. ¶¶ 59, 60.)  Plaintiffs state only in a conclusory manner that the statute of limitations should be tolled due to fraud.  (Id. at ¶ 54.)

TILA violations include the failure to provide the required disclosures pursuant to 15 U.S.C. § 1631.  To recover damages arising from alleged TILA violations, a plaintiff must file an action to recover damages "within one year from the date of the occurrence of the violation," and any claim for rescission must be filed within three years.  15 U.S.C. §§ 1640(e), 1635(f).  However, in certain circumstances, equitable tolling of civil damages claims brought under TILA might be appropriate.  See King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).  The doctrine of equitable tolling may be appropriate when the imposition of the statute of limitations would be unjust or would frustrate TILA's purpose "to assure a meaningful disclosure of credit terms so that the consumer will be able to ... avoid the uninformed use of credit."  Id. (quoting 15 U.S.C. § 1601(a)).

---

[1] 15 U.S.C. § 1602(w) provides:  "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  Accord, 12 C.F.R. § 226.2(a)(24).

3

In regard to any claim under the Fair Debt Collection Practices Act ("FDCPA"), foreclosures are not covered by this act. "[F]oreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." Izenberg v. ETS Services, LLC, 589 F. Supp.2d 1193, 1199 (C.D. Cal. 2008) (quoting Ines v. Countrywide Home Loans, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008)). Plaintiffs are advised that if they amend their complaint to include this claim, it will be dismissed without leave to amend.

Plaintiffs allege "(fraud) attempted fraud." (Compl. ¶¶ 140-53.) Federal Rule of Civil Procedure 9, titled "Pleading Special Matters," provides as follows with regard to claims of "Fraud or Mistake; Conditions of Mind:"

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Accordingly, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[2]

---

[2] In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Here, plaintiffs allege only that unnamed doe defendants failed to disclose information "pertaining to the securitization process." (Compl. ¶ 142.) Also alleged is that the lender made false statements and concealed information, but the complaint does not specify what the false statements were or what information was concealed from plaintiffs. (Id. at ¶¶ 143, 144.) If plaintiffs intend to proceed with this claim, they must amend their complaint under the standards set forth above. Plaintiffs are warned, however, that to allege such a state law claim without any other federal claims in their amended complaint, there must be independent grounds of subject matter jurisdiction.[3]

The remainder of plaintiffs' state law claims have not been reviewed. If plaintiffs are unable to cure the defects in their TILA claim as set forth above, there will be no independent federal question jurisdiction and the state law claims would have to be dismissed unless there is diversity jurisdiction.

In sum, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs' claim. Id. Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

\\\\\

---

[3] For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

If plaintiffs can allege a claim that is not time barred, consonant with their obligations under Federal Rule of Civil Procedure 11, then they may file an amended complaint. If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiffs must demonstrate how the conduct complained of has resulted in a deprivation of plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Finally, plaintiffs are advised that argument is not necessary or desired in a complaint. The complaint should contain facts which lead to the ultimate conclusion that a specific law has been violated, by whom, and when.

Plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS ORDERED that:

1. Plaintiffs' request for leave to proceed in forma pauperis is granted.

2. Plaintiffs' complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: January 9, 2012

                                       /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

GGH:076/Fargher2739.amd.wpd

